No. 7220.

NALLE & CAMMACK VS. HORACE L. DUFOUR.

The endorser of a note, which was made and endorsed expressly to be used as collateral security for advances and supplies to a planter under a stipulation that the debt thus incurred should not exceed a given sum, will not be responsible for any excess over that sum. His responsibility is for the difference between the proceeds of crops and the sum stipulated as the maximum of debt to be incurred.

The endorser of a note thus made, that remains in the hands of the factors who furnished the supplies, is but a surety, and his liability cannot be extended beyond his suretyship.

APPEAL from the Sixth District Court of New Orleans. RIGHTOR, J.

*Hunton* and *J. Brewer* for Plaintiffs Appellants. *Huntington* and *Capdeville* for Defendant.

The plaintiffs agreed to supply Generes, a sugar planter, to the amount of $3,000 and no more. He gave a pledge of his crops of the most stringent kind to secure them, and besides obtained Dufour's endorsement of his note for $2,000 which he gave the plaintiffs as

collateral.    The note was endorsed by Dufour with knowledge of the contract, and of the use to be made of it.    The plaintiffs advanced over $7,000 and the crops sold for $4,500.    This suit is to recover the amount of the note endorsed by Dufour.

DE BLANC, J.    The additional advances made were contrary to and inconsistent with the contract, by which alone Dufour was bound.

SPENCER, J., dissenting.    It matters not what was the agreement between Generes and Dufour, unless it was communicated to Nalle & Cammack, and accepted by them.    The evidence does not shew that they were ever apprised of it.    Dufour saw proper to entrust his note to Generes for a particular purpose, as he swears.    If Generes abused his confidence and made other use of it, he has no one but himself to blame.    If a loss is to be borne, it should fall on Dufour.

On rehearing.

MARR, J.    The endorsed note is simply the evidence of a contract of suretyship, an accessorial contract by which, to the extent of $2,000, Dufour undertook to secure to Nalle & Cammack the $3,000 which was the fixed limit of the amount to be advanced Generes.    It was not in the power of Nalle & Cammack, nor in the power of Generes to make it a contract to secure any part of any larger sum which they might choose to voluntarily advance to Generes.

*Judgment affirmed.*

SPENCER, J., adheres to his dissent, and WHITE, J., who was appointed in the *interim* between the two hearings, concurred with SPENCER, J.